UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUIS MIGUEL CERNA,<br><br>                Movant,<br><br>   -vs-<br><br>UNITED STATES OF AMERICA,<br><br>                Respondant. | No.   2:11-CR-0107-WFN-10<br><br>ORDER ON § 2255 MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (ECF No. 1490) and Motion to the District Court Under § 2255 Showing Just Cause for Filing Motion Untimely (ECF No. 1489). The Motion is submitted by Luis Miguel Cerna, who is appearing *pro se* in these proceedings.

## BACKGROUND

Mr. Cerna was indicted on July 19, 2011 for conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine and 5 kilograms or more of a mixture or substance containing cocaine. A Superseding Indictment was filed on November 16, 2011, alleging the same conduct. On May 14, 2012, Mr. Cerna entered a plea of guilty to Count One of the Superseding Indictment. The Court sentenced Mr. Cerna to 120 months imprisonment, the mandatory minimum sentence for the charge, on September 26, 2012. Mr. Cerna waived his right to appeal in his Plea Agreement, except based upon ineffective assistance of counsel. Judgment became final for purposes of collateral attack 14 days later, when the appeal period expired.

## DISCUSSION

The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion

ORDER - 1

without sending it to the United States Attorney for response. 28 U.S.C. § 2255(b). The Rules regarding Section 2255 Proceedings similarly state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "if it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

To gain relief, Mr. Cerna must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Though Mr. Cerna has established the first prong, he cannot satisfy the other two.

Mr. Cerna has not established that his request for relief is timely. The statute establishes a one year period of limitation for filing a § 2255 motion which runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

ORDER - 2

28 U.S.C. § 2255(f) (West 2013). The Motion is untimely unless 1) facts exist that would extend the one year period of limitation or 2) extraordinary circumstances exist which require equitable tolling of the period of limitation.

The Ninth Circuit has ruled that equitable tolling is an alternative basis for finding a petition to be timely. *United States v. Battles,* 362 F.3d 1195, 1196 (9th Cir. 2004). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). An extraordinary circumstance is some external impediment that caused his untimeliness. *Bryant v. Arizona Atty. Gen.,* 499 F.3d 1056, 1061 (9th Cir. 2007). The circumstance must be beyond the prisoner's control. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003). In addition, the prisoner must show a causal connection between the extraordinary circumstance and his failure to timely file his motion. *Id.* Although equitable tolling is justified in a few cases, the threshold to establish such tolling is very high." *Id.*

Movant argues that due to an incident that occurred slightly prior to the expiration of the deadline, that he is entitled to equitable tolling. Though the Court agrees that being in segregation would have made it impossible for Movant to file the motion while he was without access to his legal documents, he had almost a year following his judgment to work on his § 2255 Motion and he alleges nothing that prevented him from timely filing prior to the due date of the Motion. However, even if it was timely, as the Court concludes below, Mr. Cerna alleges no legal error or constitutional violation, so the Court must deny the substance of the Motion regardless of the timeliness.

Mr. Cerna cannot meet the third prong. The thrust of Mr. Cerna's argument regarding the legality of his sentence is that the mandatory minimum sentence is too long based on his personal circumstances and his general culpability. Though there are statutory mechanisms for avoiding the mandatory minimum, Mr. Cerna does not satisfy those requirements, and as the name implies, the sentence imposed by the Court is

**mandatory**. Pending legislation discussed by Mr. Cerna does not exert the power of law. The Court lacks the legal authority to sentence below the mandatory minimum.

**CERTIFICATE OF APPEALABILITY**

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed January 21, 2014, **ECF No. 1490**, is **DENIED**.

2. Movant's Motion to the District Court Under 28 U.S.C. § 2255 Showing Just Cause for Filing Motion Untimely, filed January 21, 2014, **ECF No. 1489**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:14-CV-0031-WFN.

**DATED** this 28th day of January, 2014.

                                 s/ Wm. Fremming Nielsen
                                 WM. FREMMING NIELSEN
01-27-14                SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4